<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH L. McDONOUGH, M.D.,<br><br>Plaintiff,<br><br>v.<br><br>BRISTOL MYERS SQUIBB COMPANY,<br><br>Defendant. | Case No. 12-1615<br><br>MEMORANDUM AND ORDER |

<u>**SHERIDAN, U.S.D.J.**</u>

This matter comes before the court on a motion to dismiss the Amended Complaint by Defendant Bristol Myers Squibb Company ("BMS" or "Defendant") pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 14). The Amended Complaint sets forth causes of action against BMS for age discrimination, disability discrimination, and retaliation under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 et seq. These causes of action stem from Plaintiff's employment with, and discharge from, BMS. The Court's jurisdiction of this matter is based on the parties' diversity of citizenship.

In the Amended Complaint, Plaintiff alleges that his employment was based in New Jersey. While Plaintiff claims that his position entailed servicing customers in a variety of locations, including New Jersey and the northwest region of the country, his "home base office" was located in BMS's Plainsboro, NJ facility. Plaintiff alleges that he was required to report to

BMS's Plainsboro facility every day when he was not in the field, and that he had an office, computer, and secretary at BMS's Plainsboro's office.

Defendant contends that Plaintiff was not entitled to protection under NJLAD because he was not employed in New Jersey, and moves to dismiss the Amended Complaint on this basis. Defendant avers that Plaintiff was a field-based employee who worked out of his home, and traveled to its Plainsboro facility on occasion—an insufficient basis to establish that he was employed in New Jersey. Defendant further notes that Plaintiff received unemployment compensation benefits from the State of Delaware, which demonstrates that Delaware—not New Jersey—is the locus of Plaintiff's employment.[1]

After consideration of the parties' written submissions, and without holding oral argument pursuant to Local Civil Rule 78.1, the Court denies the motion for the reasons set forth below.

## I.

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S. Ct. at 1950. While a court will accept well-pled allegations as true for the purposes of the motion, it will not

---

[1] The Court may consider documents from a governmental agency, such as the Delaware Department of Labor, without converting Defendant's motion to dismiss to a motion for summary judgment. *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court notes that Plaintiff did not object to Defendant offering these documents to the Court for its consideration.

accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 129 S. Ct. at 1949.

The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted); *see also Iqbal*, 129 S. Ct. at 1949-50.

## II.

New Jersey Courts have consistently applied the law of the state of employment to claims of workplace discrimination, and as such, apply the NJLAD if the plaintiff was employed in New Jersey. *See Peiken v. Kimmel & Silverman, P.C.*, 576 F.Supp.2d 654, 657 (D.N.J. 2008). This is because "New Jersey law regulates conduct in New Jersey, not outside the state." *Buccilli v. Timby, Brown & Timby, 283 N.J. Super. 6, 101 (App. Div. 1995).*

In order for New Jersey "substantive law to be [applied] in a constitutionally permissible manner, [New Jersey] must have a significant contact or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair." *Blakey v. Continental Airlines, Inc.,* 164 N.J. 38, 65 (2000). Mere, "occasional contact with New Jersey as part of [a plaintiff's] employment [i]s insufficient to turn those visits into plaintiff being 'based' in New Jersey for employment purposes." *Buccilli,* 283 N.J.Super. at 10-11.

In reviewing the sufficiency of a complaint in the context of a motion to dismiss, the Court is required to accept as true all allegations in the Amended Complaint and all reasonable

3

inferences that can be drawn therefrom, and to view them in the light most favorable to Plaintiff. *See, Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555.  Here, Plaintiff alleges that his "home base office" was located in BMS's Plainsboro, NJ facility, and that he was required to report there every day when he was not in the field.  Accepting these allegations as true and drawing all reasonable inferences therefrom, as it must, the Court finds, at this juncture, that it is plausible that Plaintiff was employed in New Jersey for the purposes of employment discrimination claims under the NJLAD.

While Defendant has presented evidence that Plaintiff received unemployment compensation benefits from the State of Delaware, and Plaintiff has not disputed his receipt of such benefits, the Court cannot conclude, at this point, that Plaintiff was not employed in New Jersey.  Since the time Plaintiff spent working in New Jersey is unclear, and the circumstances surrounding the unemployment benefits have not been fleshed out, Defendant may raise its argument again at summary judgment after these issues, and other pertinent ones, have been addressed in discovery.

### ORDER

IT IS on this 9th day of April, 2013;

ORDERED that the motion to dismiss the Amended Complaint (ECF No. 14) is denied.

*s/Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.